**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **E.M.,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **Civil Action No. 1:19-cv-00657 (RC)** |
| **SHADY GROVE REPRODUCTIVE SCIENCE CENTER P.C.,** | : | |
| **Defendant.** | : | |

**PLAINTIFF'S MOTION FOR LEAVE**
**TO FILE FIRST AMENDED COMPLAINT**

Plaintiff E.M., through undersigned counsel, respectfully moves the Court for leave to file her First Amended Complaint ("FAC").

## I. Introduction and Summary of Argument

Plaintiff E.M. was a patient of the fertility clinic Shady Grove Fertility Center ("SGF"). E.M. filed her lawsuit against Defendant on March 6, 2019. E.M. brought 11 claims related to Defendant refusing to treat her and terminating her as a patient of SGF. On October 21, 2020, the Court issued an omnibus order resolving Defendant's Motion to Dismiss, Defendant's Motion *in Limine*, Defendant's Motion for Summary Judgment, and Plaintiff's Motion for Summary Judgment (10/21/20 Order). (Dkt. No. 94). After entry of the 10/21/20 Order, the case was sent to mediation, which was unsuccessful. The only additional allegations in our proposed FAC relate to events that occurred following the filing of this case, and following entry of the 10/21/20 Order. A copy of Plaintiff's original complaint and redacted proposed FAC with track changes are attached hereto as Exhibit A.

We allege in the FAC that, in a continuation of the same course of conduct alleged in the original Complaint, Defendant unreasonably and illegally refused to make Plaintiff's frozen eggs, which Shady Grove was storing, available to her. FAC ¶¶ 177-212. This conduct constituted conversion of the frozen eggs, which are the property of E.M. FAC Count XII. As a direct and proximate result, Plaintiff was unable to make a meaningful attempt -- in her last available window of opportunity -- to achieve a successful pregnancy.

## II. **Legal Standard**

As observed recently in *Howard v. George Washington Univ.*, 2023 U.S. Dist. LEXIS 77320, 2023 WL 3231447 (D.D.C. May 3, 2023):

> Fed. R. Civ. P. 15(a)(2). . . instructs that "[t]he court should freely give leave [to amend] when justice so requires," and as the Supreme Court has explained:
>
>> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be freely given.
>
> *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). "Because leave to amend should be liberally granted, the party opposing amendment bears the burden of coming forward with a colorable basis for denying leave to amend." *Hajjar-Nejad v. George Washington Univ.*, 873 F. Supp. 2d 1, 9 (D.D.C. 2012).

## III. **Argument**

Plaintiff seeks to assert one additional claim in her FAC. The claim arises from the same facts and circumstances as the claims in the original Complaint. Since E.M. filed her lawsuit, and during the course of the pending litigation, Defendant has engaged in additional conduct that has harmed Plaintiff. Specifically, as alleged in Count XII of the proposed FAC, Defendant

refused to return E.M.'s frozen eggs. The demands began in March 2021, when E.M. was approaching her 48th birthday. SGF had consistently refused to continue her treatment to enable her to try to have her own biological children. Plaintiff repeatedly demanded that Defendant return her frozen eggs to E.M. or her designee so she could seek fertility treatment at a different clinic. This was necessary because SGF refused to treat E.M. and terminated her from the SGF clinic. Despite knowing the urgency of the situation, Defendant denied repeated demands and refused to return the frozen eggs, which were E.M.'s property. Instead, Defendant attempted to condition the return of E.M.'s property on her agreement to terms that she did not exist when she agreed to freeze and store her eggs with SGF.

Granting Plaintiff's request would also conserve the resources of the parties and the Court. The sole claim in the proposed FAC involves many of the same witnesses as the remaining claims in the Complaint. Any necessary discovery would be limited and may be covered by existing discovery demands. If the Court were to deny the request, Plaintiff would then file a new claim against Defendant to pursue the claim. Plaintiff could not have brought the claim in her proposed FAC when she filed her lawsuit in March 2019 because the actions that form the basis of her claim in the FAC did not occur until two years after the lawsuit was filed.

Based on the foregoing, Plaintiff E.M. respectfully requests that the Court grant this Motion and grant her leave to the file the FAC attached hereto as Exhibit B.

Respectfully submitted,

Marc Eisenstein

Barry Coburn (DC Bar. No. 3580202)
Marc Eisenstein
Coburn & Greenbaum, PLLC
1710 Rhode Island Ave, NW
Second Floor
Washington, DC 20036
Tel: 202-643-9472
Fax: (866) 561-9712
barry@coburngreenbaum.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 19, 2023, a copy of the foregoing was filed with the Clerk of the Court and served on all counsel of record via ECF.

Marc Eisenstein
Marc Eisenstein