UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| E.M., | : | |
| | : | |
|     Plaintiff, | : | Civil Action No. 1:-19-cv-00657 (RC) |
| | : | |
| v. | : | Civil Action No. 1:24-cv-00956 (RC) |
| | : | |
| SHADY GROVE REPRODUCTIVE SCIENCE CENTER P.C., | : : : | |
| | : | |
|     Defendant. | : | |

MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION TO CONSOLIDATE CASES

Plaintiff E.M., through counsel, respectfully submits this memorandum of points and authorities in support of her Motion To Consolidate Cases.

The Court has before it two civil cases involving the same parties, the first filed in 2019, the second earlier this year. We acknowledge that these two cases are at different procedural stages. In the earlier case, Case Number 1:-19-cv-00657, which we reference here as Case One, a joint pretrial statement recently was submitted. Given the parties' inability to agree to try Case One before a United States Magistrate Judge, the Court asked the parties to proffer their availability for trial of Case One in June through August, 2025 (Minute Order, August 28, 2024), and the parties jointly were able to proffer their availability during part of that time period. Dkt. No. 145. The more recently filed case, Case Number 1:24-cv-00956 ("Case Two"), has a motion to dismiss pending for alleged failure to state a claim. No discovery yet has occurred in that case.

Further, as we presented in detail in our opposition to the motion to dismiss Case Two (Dkt. No. 21), the cores of operative fact in the two cases, and the claims presented in each of

them, are fundamentally different.  As noted in our opposiiton to the motion to dismiss Case Two, SGF previously agreed to this proposition, though we are not suggesting that it is estopped from changing its position on it if it wishes to do so.  In precisely the manner envisioned in the case of *Coleman-Adebayo v. Jackson*, Civil Action Nos. 03-2428 (PLF), *et al.,* 2013 U.S. Dist. LEXIS 204456 (D.D.C. February 26, 2013), which is discussed in our opposition to the motion to dismiss as well as SGF's reply, in our First Amended Complaint in Case Two, we referenced factual allegations from Case One only for the *explicitly stated* purposes of providing background and context.  *See* First Amended Complaint, Case Two, at 2 (paragraph prior to first numbered paragraph).  Given the cases' different procedural stages and the substantive differences in the allegations and claims in the two cases, we acknowledge that SGF may take the position that the cases need to be tried separately.  We respectfully disagree.

The criteria to be considered in evaluating a motion to consolidate cases are set forth in *Singh v. Carter,* 185 F. Supp. 3d 11 (D.D.C. 2016).  There the Court emphasized the "broad discretion" invested in the district court in deciding on consolidation:  "Consolidation pursuant to Rule 42(a) is permissive and vests a purely discretionary power in the district court." *Id.* at 17.  The Court explained the factors to be considered in exercising this broad discretion:

> In exercising that discretion, district courts weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions, the burden on the parties and the court, the length of time, and the relative expense of proceeding with separate lawsuits if they are not consolidated.  *See Hendrix v Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985); *Jackson v. Ford Consumer Fin. Co.*, 181 F.R.D. 537, 539 (N.D. Ga. 1998); *Ohio ex rel. Montgomery v. Louis Trauth Dairy, Inc.,* 163 F.R.D. 500, 503 (S.D. Ohio 1995) (in determining whether consolidation is appropriate, "the court balances the value of time and effort saved by consolidation against the inconvenience, delay, or expense increased by it").
>
> Consolidation is generally appropriate where it "would promote convenience and judicial economy, simplify management of the cases, . . . facilitate global resolution of the . . . claims[,] and conserve judicial resources,"

*Id.* at 18.  Our submission is that application of these factors warrants consolidation of these two cases.  There is no reason to believe that consolidation would lead to juror confusion, prejudice to anyone or any delay.  Quite the contrary, in our view.  Consolidation would conserve the resources of the Court and the parties.  It would allow the parties to dispose of all of the disputes between them in one judicial proceeding.  The discovery required in Case Two is minimal.  We believe it could be completed in approximately two months, allowing the filing and resolution of any additional dispositive motions and more than adequate time to prepare for trial in the approximately one year before either of these cases could be tried.

      Accordingly, it is respectfully submitted that this motion should be granted.

                Respectfully submitted,

                /s/ Barry Coburn

                _____
                Barry Coburn (DC Bar. No. 3580202)
                Coburn & Greenbaum, PLLC
                1710 Rhode Island Ave, NW
                Second Floor
                Washington, DC 20036
                Tel: 202-643-9472
                Fax: (866) 561-9712
                barry@coburngreenbaum.com
                *Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of this memorandum will be served upon all counsel of record via this Court's electronic filing service, this 29th day of September, 2024.

/s/ Barry Coburn

_____

Barry Coburn